**Marshalls of MA, Inc. v CAC Atl., LLC**

2024 NY Slip Op 31974(U)

June 4, 2024

Supreme Court, Kings County

Docket Number: Index No. 500695/2022

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMM PART 8
-----------------------------------------x
MARSHALLS OF MA, INC.,

                          Plaintiff,          Decision and order

          - against -                         Index No. 500695/2022

CAC ATLANTIC, LLC,

                          Defendant,          June 4, 2024
-----------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                 Motion Seq. #7


The defendant has moved pursuant to CPLR §2221 seeking to reargue a decision and order dated March 7, 2024 that denied the defendant's motion seeking summary judgement and that granted the plaintiff's motion seeking summary judgement. The plaintiff has opposed the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

As recorded in prior orders, on January 31, 2014 the plaintiff leased space from the defendant at 66 Boerum Place in Kings County. Although the court stated that at the time the lease was entered into between the parties a four-story structure existed, in fact, no such structure existed. However, the lease did contemplate a four-story building. Thus, Exhibit A of the lease states that "the Demised Premises are situated within a four-story building" (see, Lease, Exhibit A [NYSCEF Doc. No. 169]). In any event, a dispute arose concerning the plaintiff's share of taxes that were due. The dispute revolved around an additional seven residential stories that were built turning a

[*1]

four-story building into an eleven-story mixed use building. The defendant sought 42.98% of the building's total taxes from the plaintiff. The plaintiff refused to pay anything other than 42.98% of the taxes assessed regarding the commercial space. The court granted the plaintiff's motion seeking summary judgement arguing there were no questions of fact the plaintiff was only responsible for 42.98% of the commercial space and not 42.98% of the entire building.

The defendant has now moved seeking to reargue that determination. First, the defendant argues the court erred when it concluded the building was already constructed when the lease was entered into between the parties. Second, the defendants argue the court erred by failing to consider that the parties knew, when the lease was executed, that more floors would be added to the building and that the plaintiff would be required to pay its share of the taxes for those added floors.

### Conclusions of Law

A motion to reargue must be based upon the fact the court overlooked or misapprehended fact or law or for some other reason mistakenly arrived at in its earlier decision (Deutsche Bank National Trust Co., v. Russo, 170 AD3d 952, 96 NYS3d 617 [2d Dept., 2019]).

First, the mere fact the court erred by reciting that a

four-story building actually existed when the parties entered into the lease is irrelevant. That fact had no bearing on the court's decision. This is particularly true since there is no dispute that the lease clearly contemplates a four-story building as noted.

The defendant argues the parties contemplated additional floors would be built. The lease actually only mentions any residential units one time. In Schedule F the lease lists prohibited uses and includes "any living quarters, sleeping apartments, or lodging rooms (excluding the residential units to be constructed by Landlord at the Building)" (see, Lease, Schedule F(7) [NYSCEF Doc. No. 169]). In addition, Schedule I of the lease contains a rendering of an eleven story building. Further, Alex Adjmi the president of defendant's management company stated that Marshalls was aware of the intent to construct an eleven-story mixed use building at the premises (see, Affidavit of Alex Adjmi [NYSCEF Doc. No. 208]). However, notwithstanding an isolated reference in the lease or testimony supporting that reference there is no basis to conclude there was ever any intention for the plaintiff to pay the taxes for any residential portions.

These two issues of fact that are raised, namely that the court was mistaken about the existence of the building and the fact there is evidence Marshalls knew of impending construction

3

at the building does not demand a review of the court's decision at all. The reargument motion does not address the law upon which the court rested its conclusion, specifically that additional taxes based upon tax-escalation clauses whereby the improvements accrue solely to the landlord or owner cannot be imposed upon the tenant. The defendant has failed to point out any error in that regard. Moreover, the prior decision already considered whether any questions of fact exist whether the plaintiff knew about any proposed improvements or expansion. The court pointed to specific language in the lease which unmistakably demonstrated the tenant was only responsible for the commercial portion of the lease. The fact there may be evidence the tenant was aware there would be an eleven-story building as opposed to a fifty-story building or a building of unknown height does not alter the conclusion the language of the lease specifically and exclusively required the tenant to pay 42.98% of the commercial space and nothing further. The defendant argues the court must look to the surrounding circumstances of the lease formation when determining the meaning of specific lease provisions. However, it is well settled that an agreement that is clear and unambiguous on its face shall be enforced according to its plain terms (Greenfield v. Philles Records Inc., 98 NY2d 562, 750 NYS2d 565 [2002]). Extrinsic evidence demonstrating the true intent of the parties is generally inadmissible (Pentacon

4

[*4]

LLC v. 422 Knickerbocker LLC, 165 AD3d 829, 86 NYS3d 177 [2d Dept., 2018]). Such extrinsic evidence may be admissible if an ambiguity exists and whether such ambiguity exists is a question of law (NRT New York, LLC, Brown, 167 AD3d 764, 89 NYS3d 695 [2d Dept., 2018]). Further, extrinsic evidence may not be submitted to create an ambiguity (Brad H. v. City of New York, 17 NY3d 180, 921 NYS2d 221 [2017]). A contract will be considered ambiguous if susceptible to more than one interpretation (id). Thus, as noted, without any ambiguity the plain meaning of the contract terms control (Goetz v. Trinidad, 168 AD3d 688, 91 NYS3d 513 [2d Dept., 2019]). In this case there are no contact terms that are ambiguous. As explained in the prior decision, the lease unequivocally requires the tenant to pay taxes only for the commercial portion. The plaintiff's knowledge of a possible expansion does not mean there are questions whether the plaintiff agreed to pay the taxes for that contemplated expansion. There is no basis whatsoever imposing such taxes on the plaintiff. Consequently, the defendant's subjective belief the tenant is obligated cannot raise any questions of fact.

Therefore, based on the foregoing, the motion seeking reargument is denied.

So ordered.

ENTER:

DATED: June 4, 2024
  Brooklyn, N.Y.

_____
Hon. Leon Ruchelsman
JSC

5

[* 5]